IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEAN C. BOYD                                                                                      PLAINTIFF

v.                                                                                   No. 4:22CV101-GHD-DAS

ALLEGIANCE SPECIALTY HOSPITAL OF
GREENVILLE AND MISTY HUGHES                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Dean C. Boyd, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that defendant Misty Hughes (an employee of Allegiance Specialty Hospital of Greenville) assaulted him during his stay at the hospital. The defendants have moved for summary judgment; the plaintiff has responded and submitted additional briefing. For the reasons set forth below, the defendants' motion for summary judgment will be granted, judgment will be entered for the defendants in all respects, and the case will be dismissed as frivolous and vexatious. In addition, the plaintiff will have 21 days to show cause why the court should not sanction him for his repeated meritless filings and other behavior.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts and Procedural Posture[1]

The instant action was filed on January 24, 2022, in the Circuit Court of Washington County, Mississippi. Ex. 1.[2] Dean C. Boyd was a patient at Allegiance Specialty Hospital of Greenville, LLC ("ASH") from February 14, 2020, through March 3, 2020. *Id.* He alleges that medical practitioners employed by ASH, participated in an unprovoked assault on him on March 3, 2020 (when he was to be transferred from ASH back to the Mississippi State Penitentiary at Parchman). *Id.* The plaintiff's claims in his original Complaint were for "Mississippi State Negligent Malpractice Tort Claim upon Allegiance Specialty Hospital of Greenville, a long-term acute care facility ("ASH") and Misty Hughes pursuant to: Miss. Code. Sections 11-46-11(2)." Doc. 2; *Id.*

In their answers, Misty Hughes and ASH pled insufficiency of service of process (Second Defense – Motion to Dismiss); *res judicata* (First Affirmative Defense); the immunities set forth under the Mississippi Tort Claims Act (Tenth Affirmative Defense); lack of personal involvement (Twelfth Defense); lack of expert requirement (Thirteenth Affirmative Defense); the statute of limitations (Fourteenth Affirmative Defense); and lack of notice (Fifteenth Affirmative Defense).

Boyd filed a Motion to Amend under Mississippi Rule of Civil Procedure 9(h) and § 11-46-11

---

[1] The facts set forth in this section are either undisputed or, for the purposes of his memorandum opinion only, taken as true from the plaintiff's pleadings. *See* Fed. R. Civ. P. 56.

[2] The exhibits referenced in this memorandum opinion may be found attached to the defendants' motion for summary judgment.

Miss. Code Ann. He alleged in his amendments that he sought to recover under 42 U.S.C. § 1983 and Amendments to the United States Constitution. Upon the "other paper" provisions, Allegiance removed this matter to federal court. Both Misty Hughes and ASH have amended their answers to assert defenses to any claims under 42 U.S.C. § 1983.

Among Boyd's approximately twenty-five lawsuits filed in the Northern and Southern Districts, one case in the Southern District (No. 3:20CV705-TSL-RPM) was against Allison – Case Manager, CNA Veronica Bell, Lt. Sylvia Sutton, Charles Thomas, Captain Campbell, and a John Doe employee of "Alliance." That suit was transferred to the Northern District of Mississippi and assigned Cause No. 4:21CV159-GHD-DAS.

In that transferred case, Case Manger Misty Hughes was substituted for Case Manager Allison at Boyd's request. Misty Hughes sought summary judgment (Veronica Bell was never served with process), and the court found that Allegiance Specialty Hospital of Greenville, LLC was a private hospital and its employees – including Misty Hughes and Veronica Bell – were not state actors. As such, all claims brought under 42 U.S.C. § 1983 were dismissed with prejudice.[3]

## This Case Will Be Dismissed Under the Doctrines of *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in the instant case are barred by the doctrine of *res judicata,* (claim preclusion), or by the related doctrine of collateral estoppel (issue preclusion).

---

[3] Misty Hughes has submitted an affidavit, Exhibit 5, as well as documentary evidence tending to show that she had no personal involvement in the events in question and that her inclusion in the suit is the result of a mistaken identity. This evidence does not bear on the dispositive issues in this case; the defendants included it so that the defense would not be waived.

### *Res Judicata*

*Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* Indeed, *res judicata* applies to later judgments even if the original judgment was in error. *See Matter of Teal*, 16 F.3d 619, 622 (5th Cir.1994) ("This conclusion comports with the well-known rule that a federal court may not abrogate principles of *res judicata* out of equitable concerns.... Indeed, it must give *res judicata* effect to a prior judgment even if it would be voidable on appeal because of legal error."); *Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("Nor are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the

fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.")

*Res judicata* applies when suits arising out of the same nucleus of operative facts are filed simultaneously or in rapid succession (as Boyd has done in the present case and others). The Fifth Circuit has ruled on this very issue:

> When two suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered. *Chicago, Rock Island & Pac. R.R. v. Schendel*, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); *see also* 18 Wright, Miller & Cooper, *supra*, Jurisdiction 2d § 4404 (citing *Jones v. Sheehan, Young & Culp*, 82 F.3d 1334, 1338–39 n. 3. (5th Cir.1996); *In re Hansler*, 988 F.2d 35, 38 (5th Cir.1993)). Maintaining such a litigation strategy almost assures that at some point one of the cases will become barred by a judgment in the other; the successful party will find that all its claims and defenses have merged into the judgment, while the unsuccessful party will find that its have been extinguished. ***"There is no reason why defendants should be required to defend, or courts to hear, additional or multiple cases, free from the protections of res judicata, simply because the plaintiff chose to file them piecemeal at the same time rather than in succession."*** *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.*, 776 F.2d 1270 (5th Cir.1985). A party gets only "one bite at the apple" and is not allowed to take two bites simply because it attempts to take both at once rather than *seriatim*.

*Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500–01 (5th Cir. 2004) (emphasis added). As will be discussed in detail below, Mr. Boyd has tried to take many bites of this apple.

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his stay at ASH and any suits arising out of those events as to any parties he actually sued (or their privies) regarding those events. As to the elements of *res judicata*: (1) Dean C. Boyd is the plaintiff in both cases; the defendants in the instant suit are Misty Hughes (who was a defendant in the prior suit) and ASH (which is in privity with Hughes as her employer)[4]; (2) This court is a court of competent jurisdiction over the issues in that case (Boyd's treatment during his stay at

---

[4] *See Boyd v. Sutton, et al.*, 4:21CV159-GHD-DAS (N.D. Miss., Opinion and Judgment of July 27, 2022).

- 6 -

ASH); (3) The court has previously issued a final judgment on the merits (for the purposes of *res judicata*) in favor of Misty Hughes[5]; and, (4) Both cases involve the same cause of action, as they arise out of a single nucleus of operative facts: the defendants' alleged mistreatment of Boyd during his stay at ASH (including the day of his release back to the custody of MDOC.)

Boyd currently has several pending suits arising out of the same nucleus of operative facts as the present case, with various claims based upon federal and state law. Not only are Boyd's federal claims under 42 U.S.C. § 1983 extinguished, but his other claims are, as well, including those arising under state law. *See Brown v. Felsen, supra*; *see also Goldberg v. R. J. Longo Constr. Co., supra* (*res judicata* bars claims that were or could have been raised in prior actions). Boyd could have raised *all* the claims he brought in his various cases in a single suit. He chose, instead, to file numerous suits with overlapping claims and defendants – all arising out of a single set of facts. *As to the defendants who were dismissed by the judgment in Boyd v. Sutton, supra*, all of Boyd's claims in the remaining pending suits (including the present one) appear to be merged into that judgment – and should thus be extinguished. For these reasons, *res judicata*

---

[5] Boyd's previous case arising out of these facts (*Boyd v. Sutton, supra*) is ongoing; one defendant remains. However, the judgment in favor of Misty Hughes in that case operates as a final judgment for the purposes of *res judicata*:

> *Judgment final as to a part of an action or claim.* A judgment may be final in a *res judicata* sense as to a part of an action although the litigation continues as to the rest.... So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice—for example, Rule 54(b) of the Federal Rules of Civil Procedure—may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

Restatement (Second) of Judgments § 13(e) (1982). The Supreme Court has cited this rule with approval. *See Arizona v. California*, 460 U.S. 605, 617, 103 S. Ct. 1382, 1390, 75 L. Ed. 2d 318 (1983), *decision supplemented*, 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984) (citing § 13(e), Restatement (Second) of Judgments).

applies, and, under the doctrine of claim preclusion, all of the plaintiff's claims against defendants Misty Hughes and ASH in the present suit will be dismissed as frivolous.

**Collateral Estoppel**

*Collateral estoppel*, or issue preclusion, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The most relevant issue decided in *Boyd v. Sutton* is that neither Misty Hughes nor ASH are state actors:

> ASH is a private hospital which serves the general public; its employees are not state actors. Hence, neither Silvia Sutton, Nurse Misty Hughes, nor C.N.A. Bell (all employees of ASH) are state actors.

*Boyd v. Sutton, supra.* As they are not state actors, they are not proper defendants in a case proceeding under 42 U.S.C. § 1983, and all claims against Misty Hughes and ASH under that statute must be dismissed, with prejudice for that reason. *See* 42 U.S.C. § 1983. The doctrine of collateral estoppel thus bars the plaintiff's claims under 42 U.S.C. § 1983, and they will be dismissed for that reason (in addition to their dismissal as *res judicata*).

**All State Law Claims Fall Outside the Applicable Statute of Limitations**

Dean Boyd's claims clearly describe an alleged Assault and Battery. The assault alleged occurred on March 3, 2000. Boyd filed his complaint in state court on January 18, 2022.[6] Any state law claims Boyd may have asserted are governed by the one-year statute of limitations found in §15-

---

[6] Under the "mailbox rule," a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny). Boyd signed the Certificate of Service of his complaint on January 18, 2022. The court will assume, without deciding, that Boyd passed his complaint to prison officials on the date he signed it.

1-35 Miss Code Ann. (1972), as amended, and are time barred.[7] Mississippi law does not recognize claims for "negligent assault." *Sanderson Farms, Inc. v. McCullough*, 212 So.3d 69, 80 (¶ 30) (Miss. 2017); *accord Estate of Puckett v. Clement*, 238 So.3d 1139, 1146 (¶ 17) (Miss. 2018) ("an intentional tort cannot be committed negligently.") As such, a plaintiff cannot avoid the one-year limitations period applicable to assault and battery claims by recasting an intentional assault as "negligence." *Evans v. Shucker's Piano & Oyster Bar, Inc.*, 281 So. 3d 302, 306–07 (Miss. Ct. App. 2019). All Boyd's state law claims regarding assault and battery are barred by the one-year limitations period and must be dismissed with prejudice for that reason, as well.

### Boyd's Other Cases Based Upon the Same Events

Dean C. Boyd has filed multiple cases in this court based upon the alleged assault of March 3, 2020, and surrounding events. *See Boyd v. Sutton*, 4:22CV138-NBB-JMV; *Boyd v. Hughes*, 4:23CV35-GHD-RP; *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS; *Boyd v. Hughes*, 4:23CV36-NBB-DAS; *Boyd v. Sutton*, 4:21CV159-GHD-DAS; and *Boyd v. Allegiance Specialty Hospital of Greenville*, 4:22CV101-GHD-DAS (the instant case). The court will examine each of these cases in turn to determine whether *res judicata* or collateral estoppel applies.

### Original Dismissal: *Boyd v. Sutton*, 4:21CV159-GHD-DAS

The defendants in *Boyd v. Sutton*, 4:21CV159-GHD-DAS were Sylvia Sutton, Veronica Bell, Charles Thomas, Dr. Herzog, Captain Campbell, and Misty Hughes. The court dismissed Sutton,

---

[7] Mississippi Code Annotated § 15-1-35 (Actions for certain torts) reads:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code. Ann. § 15-1-35.

Bell, Herzog, Campbell, and Hughes, finding that they worked for private companies and thus were not proper defendants in an action proceeding under 42 U.S.C. § 1983. The case is active as to defendant Charles Thomas. This is the first case arising out of the alleged assault at ASH upon which the other cases, claims, or defendants might be dismissed through either *res judicata* or collateral estoppel.

### *Boyd v. Sutton*, 4:22CV138-NBB-JMV

In *Boyd v. Sutton*, 4:22CV138-NBB-JMV, Boyd has named Sylvia Sutton, Misty Hughes, Captain Campbell, Nurse Veronica, Charles Thomas, and M.D. John Herzog as defendants. Sutton and Campbell are employed by Advert, a private security company, while Veronica, Herzog, and Hughes are employed by ASH, a private hospital. Based on the court's ruling in *Boyd v. Sutton*, 4:21CV159-GHD-DAS, it appears that the plaintiff's claims against all defendants in 4:22CV138-NBB-JMV (except Charles Thomas) are barred by *res judicata* and collateral estoppel.

### *Boyd v. Hughes*, 4:23CV35-GHD-RP

In *Boyd v. Hughes*, 4:23CV35-GHD-RP, Boyd named only Misty Hughes as a defendant, and the case involves the same stay at ASH and the same alleged assault and battery. It appears that the plaintiff's claims in 4:23CV35-GHD-RP are likewise barred by *res judicata* and collateral estoppel.

### *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS

In *Boyd v. S&S Management Group, LLC*, Boyd named as a defendant only S&S Management Group, LLC d/b/a/ Advert Group USA, a private security company. In *Boyd v. Sutton*, 4:21CV159-GHD-DAS the court dismissed employees of Advert because it is a private security company – and thus neither it nor its employees are state actors. As Advert is in privity with its employees, it appears that this case should also be dismissed under the doctrines of *res judicata* and collateral estoppel.

### *Boyd v. Hughes*, 4:23CV36-NBB-DAS

In *Boyd v. Hughes*, 4:23CV36-NBB-DAS, Boyd named Misty Hughes, Veronica Bell, and Charlie Thomas, and the allegations involve the same events as the other cases. As Veronica Bell and Misty Hughes were dismissed from *Boyd v. Sutton*, 4:21CV159-GHD-DAS, it appears that *res judicata* and collateral estoppel bar Boyd's claims against them in *Boyd v. Hughes*, 4:23CV36-NBB-DAS. There has not been a ruling on the merits regarding Boyd's allegations against defendant Thomas in any of the cases in this court involving the events during Boyd's stay at ASH; as such, the case would appear to move forward as to Thomas only .

### Entering This Memorandum Opinion in Boyd's Related Cases

As set forth above, the plaintiff has filed multiple suits regarding the same defendants and the same incident. Further, the court has now entered judgment as to most of the defendants (and their privies) in one of those cases – and finds, in the present opinion – that Boyd's claims in the instant case are barred by *res judicata* and collateral estoppel. In addition, a brief review of the plaintiff's claims in the related cases reveals that *res judicata* and collateral estoppel might well apply in those cases, as well. As such, the court will enter a copy of the instant memorandum opinion as a Notice in each of the pending cases to aid in the analysis regarding the application of *res judicata* or collateral estoppel (*Boyd v. Sutton*, 4:22CV138-NBB-JMV; *Boyd v. Hughes*, 4:23CV35-GHD-RP; *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS; *Boyd v. Hughes*, 4:23CV36-NBB-DAS; and *Boyd v. Sutton*, 4:21CV159-GHD-DAS[8]).

### Boyd's Numerous Filings in the Northern and Southern Districts of Mississippi

The court has identified some 25 of Boyd's cases filed in (or removed to) Mississippi federal

---

[8] Cause No. 4:21CV159-GHD-DAS contains the original judgment upon which *res judicata* and collateral estoppel as to the remaining cases may be based.

courts. He has proceeded in this court in the following cases:

› *Boyd v. Reginald – C.N.A., et al.*, 4:20-CV-192-GHD-DAS (§ 1983) (filed 11/05/2020, dismissed without prejudice 12/02/2021 for failure to show cause);

› *Boyd v. Spencer, et al.*, 4:21-CV-35-GHD-JMV (§ 1983) (filed 03/23/2021, pending);

› *Boyd v. Jenkins, et al.*, 4:21-CV-135-GHD-RP (§ 1983) (filed 10/18/2021, pending);

› *Boyd v. Sutton, et al.*, 4:21-CV-159-GHD-DAS (§ 1983) (filed 12/01/2021, pending - dismissed in part 07/27/2022 for failure to state a claim);

› *Boyd v. Collier, et al.*, 4:22-CV-10-NBB-DAS (§ 1983) (filed 01/12/2022, dismissed without prejudice for failure to prosecute and obey an order of the court);

› *Boyd v. S&S Management Group, LLC*, 4:22-CV-65-NBB-DAS (filed 4/23/2022, pending)

› *Boyd v. Allegiance Specialty Hospital of Greenville, et al.*, 4:22-CV-101-GHD-DAS (filed 07/08/2022, pending) (the instant case);

› *Boyd v. Thomas, at al.*, 4:22-CV-113-GHD-RP (§ 1983) (transferred 07/25/2022, dismissed 08/16/2022 for failure to exhaust administrative remedies);

› *Boyd v. Sutton, et al.*, 4:22-CV-138-NBB-JMV (filed 09/05/2022, pending);

› *Boyd v. Spencer, et al.*, 4:22-CV-145-GHD-DAS (transferred 09/14/2022 from Southern District (3:22-CV-388-TSL-FKB)) (dismissed 9/27/2022 as duplicative);

› *Boyd v. Hughes*, 4:23-CV-35-GHD-RP (filed 2/16/2023, pending);

› *Boyd v. Hughes*, 4:23-CV-36-NBB-DAS (filed 2/16/2023, pending);

› *Boyd v. Allegiance Specialty Hospital of Greenville*, 4:23CV56-SA-DAS (filed 3/21/2023, pending).

In addition, the court located the following cases which have proceeded in the United States District Court for the Southern District of Mississippi:

› **Boyd v. Collins**, 4:12-CV-56-HTW-LRA (§ 1983) (filed 04/05/2012, dismissed 04/26/2012 for failure to state a valid §1983 claim) **("Strike")**;

› *Boyd v. Perry, et al.*, 3:18-CV-123-FKB (§ 1983) (filed 02/26/2018, dismissed 03/19/2020 for failure to exhaust administrative remedies);

› *Boyd v. King, et al.*, 3:18-CV-509-FKB (§ 1983) (filed 08/01/2018, dismissed 03/19/2020 for failure to exhaust administrative remedies);

› *Boyd v. MDOC*, 3:18-CV-757-DPJ-FKB (§ 2254) (filed 10/30/2018, dismissed 02/24/2020 for failure to file within statute of limitations);

› **Boyd v. Gaddis**, *et al.*, 3:20-CV-420-TSL-RPM (§ 1983) (filed 06/25/2020, dismissed 12/06/2022 for failure to state a valid § 1983 claim) **("Strike")**,

› **Boyd v. King**, *et al. (II)*, 3:20-CV-443-DPJ-FKB (§ 1983) (filed 07/06/2020, dismissed 02/02/2022 for failure to state a claim) **("Strike")**;

‣ *Boyd v. Sutton, et al.*, 3:20-CV-705-TSL-RPM (§ 1983) (filed 11/02/2020, transferred 11/30/2021);

‣ *Boyd v. Thomas, et al.*, 3:21-CV-14-DPJ-FKB (§ 1983) (filed 01/07/2021, transferred 07/25/2022);

‣ *Boyd v. Gaddis (II)*, 3:21-CV-604-KHJ-MTP (§ 1983) (filed 09/17/2021, ***dismissed 01/10/2022 as duplicative of 3:20-CV-420-TSL-RPM)***;

‣ *Boyd v. Shivers*, 3:21-CV-689-DPJ-FKB (§ 1983) (filed 10/27/2021, ***dismissed 12/20/2021 as duplicative of 3:20-CV-443-DPJ-FKB)***;

‣ *Boyd v. Zantac, et al.*, 3:22-CV-338-DPJ-FKB (§ 1983) (filed 06/17/2022, dismissed without prejudice 08/09/2022);

‣ *Boyd v. Spencer, et al.*, 3:22-CV-388-TSL-FKB (§ 1983) (filed 07/11/2022, pending); and

‣ *Boyd v. State of Mississippi*, 3:22-CV-500-CWR-LGI (§ 2254) (filed 08/29/2022, pending).

### Boyd Has Accumulated Three "Strikes" Under the PLRA

While searching the docket for Dean C. Boyd's cases arising out of the events of March 3, 2020 (as described in Boyd's complaint in the present case), the court discovered that he has accumulated three "strikes" under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g):

▸ *Boyd v. Collins*, 4:12CV56-HTW-LRA (§ 1983) (dismissed 4/27/2012 for failure to state a claim);

▸ *Boyd v. King* (II), 3:20CV443-DPJ-FKB (§ 1983) (dismissed 2/2/2022 for failure to state a claim); and

▸ *Boyd v. Gaddis, et al.*, 3:20-CV-420-TSL-RPM (§ 1983) (filed 06/25/2020, dismissed 12/06/2022 for failure to state a valid § 1983 claim).

Mr. Boyd has thus "struck out" and may no longer proceed as a pauper in *pro se* prisoner cases he files in the future.[9, 10]

---

[9] Under § 1915(g), if three or more of a *pro se* prisoner's cases have been dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief could be granted," then the prisoner cannot proceed as a pauper unless he can show that he is "under imminent danger of serious physical injury."

[10] Despite the fact that the present case will be dismissed as both frivolous and malicious, it will not count as a "strike" because Boyd did not file this case in federal court; instead, he filed it in state court, and the defendants removed it to federal court. *See Mitchell v. Goings*, 37 F.4th 169, 172–73 (5th Cir. 2022).

### Clerk Will Enter a Copy of This Memorandum Opinion in Boyd's Pending Cases Which Are Based Upon the Same Nucleus of Operative Facts

As discussed in detail above, Boyd has filed several cases based upon the same set of facts as the present one, and it appears that each of those cases could be dismissed under the doctrines of *res judicata* and collateral estoppel. To aid in this analysis, the Clerk of the Court will enter this memorandum opinion as a notice in Boyd's other related cases:

- *Boyd v. Sutton*, 4:22CV138-NBB-JMV;
- *Boyd v. Hughes*, 4:23CV35-GHD-RP;
- *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS;
- *Boyd v. Hughes*, 4:23CV36-NBB-DAS;
- *Boyd v. Sutton*, 4:21CV159-GHD-DAS.

The presiding Judge in each of these cases will thus have the opportunity to review this memorandum opinion and take whatever action he deems appropriate.

### Sanctions

Given Dean Boyd's numerous meritless, implausible, and duplicative complaints, the court must determine whether a sanction is appropriate to curb this behavior – and, if so, what that sanction might be. The court may award sanctions under its inherent power for abuse of the judicial process only after finding that the litigant has acted in bad faith. *Roadway Express v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Sanctions may only be imposed under the court's inherent power after the person being sanctioned has had adequate notice and a meaningful opportunity to be heard. *Persyn v. United States*, 135 F.3d 773 (Fed. Cir. 1997). The court has the power to police its docket in situations like the present one, where a litigant files numerous outrageous and meritless pleadings or otherwise disrupts the orderly administration of the docket. *Landis v. North American Co.*, 299 U.S. 248 (1936), *Marinechance Shipping v. Sebastian*, 143 F.3d 216 (5th Cir 1998),

*U.S. Abatement v. Mobil*, 39 F3d 556 (5th Cir 1993). The Supreme Court acknowledges the need for the inherent power sanction when sanctions are clearly appropriate. *Id.*

A district judge may use the inherent power of the court to fashion nearly any sanction he deems appropriate to the circumstances; however, the court should choose the least severe sanction adequate to deter sanctionable conduct in the future. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988). The court's inherent power to impose sanctions must be used with restraint and caution because of its potency and the limited control of its exercise; the power may be exercised only if essential to preserve the authority of the court, and the sanction chosen must employ the least possible power adequate to the end proposed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 231, 5 L.Ed. 242 (1821), *quoted in Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990); *see also Roadway Express, supra.*

As long as a party receives an appropriate opportunity to be heard, he may be sanctioned for abuse of the judicial process occurring beyond the courtroom. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The fact that a court initiates sanctions against a party *sua sponte* does not indicate that the court is biased against that party. *Lemaster v. United States*, 891 F.2d 115 (6th Cir. 1989). The inherent power of the court emanates from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

As noted above, Mr. Boyd has filed numerous cases in the federal courts for Northern and Southern Districts of Mississippi, as well as in Mississippi state courts (several of which have been removed to this court). Many of these cases have no merit – or, as in the present case, are essentially

duplicates of previously filed cases. Most of his other cases have been dismissed because he failed to exhaust administrative remedies – or because he failed to show cause or comply with an order of the court (in other words, he failed to follow proper procedure to move forward with his case).

In addition, to say the least, in the aggregate many of his allegations are utterly implausible. For example, many of his cases center on the allegation that various people (many of whom had were relative strangers to him), without provocation, intentionally injured and tortured him. *See, e.g.*, allegations in the cases (listed above) regarding his stay at ASH, as well as in *Boyd v. Spencer, et al.*, 4:21-CV-35-GHD-JMV (physical therapist intentionally caused Boyd pain during treatment). The alleged perpetrators include prison medical staff, physical therapists, state and private prison guards, private hospital staff, hospital administrators, private doctors, and others. *Id.* The allegations involve, for example, medical providers and others who came to his unit, some at the Mississippi State Penitentiary hospital, and others who provided him care at a private hospital. *Id.*

Further, Boyd does not offer any *motive* for the defendants in these cases, many of whom were strangers to him, to hold such animosity and vitriol towards him – enough to physically attack and torture him. In short, according to Mr. Boyd, many of his medical care providers (including administrators), state and private prison guards and other state and private staff, intentionally harmed him for no reason whatsoever – no matter where he received care – and no matter whether they worked for the state or a private company. In addition, the court has not noted a single instance where Boyd has offered documentary evidence (other than his own statements) to support his litany of shocking allegations. Invariably, his medical records reflect that he received some form of treatment, but nothing in those records shows that he was attacked, beaten, tortured, or otherwise mistreated.

The court must consider another aspect of Boyd's filings: He has filed multiple suits regarding the same incident in succession. As set forth above, he filed *six* different suits regarding a

single stay at ASH. In addition, the Southern District dismissed two other suits as duplicative of previously filed cases: *Boyd v. Gaddis (II)*, 3:21-CV-604-KHJ-MTP (§ 1983) (filed 09/17/2021, dismissed 01/10/2022 as duplicative of 3:20-CV-420-TSL-RPM); *Boyd v. Shivers*, 3:21-CV-689-DPJ-FKB (§ 1983) (filed 10/27/2021, dismissed 12/20/2021 as duplicative of 3:20-CV-443-DPJ-FKB). Thus, not only has Boyd filed numerous suits, but he has also filed essentially the same suit six or more times in multiple courts. He also tends to file motions and other papers at a brisk pace within his various cases.

In sum, Dean C. Boyd has filed numerous meritless suits (many involving the same events), leveled scandalous allegations that he has been attacked and tortured by relative strangers, filed many motions and other papers in each case, failed to provide documentary evidence of the outrageous allegations once each case progresses, failed to comply with court orders, and (in some cases) has simply lost interest in the cases and failed to prosecute them. In addition, Boyd's pace of filing has accelerated recently, as evidenced by his *nine* cases currently pending before this court (with several others having been dismissed already). Hence, Boyd's entire body of work, across multiple jurisdictions, has evinced a pattern of meritless and vexatious litigation.

It appears to be time to curb Boyd's frivolous and vexatious filings and limit the cases he does file to ones which may potentially have merit. To that end, the court is considering imposing the following requirement: **Before Dean C. Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred**[11]. The court has imposed a similar sanction in the past, and, as to

---

[11] The court has considered and rejected other potential sanctions, such as a prohibition on filing until Boyd pays a fine, an outright ban on filing new cases, or requiring him to seek permission from the court before proceeding with a new case. These sanctions, however, seemed not to fit Boyd's

that litigant, the "modicum of evidence" requirement stemmed the tide of meritless litigation. *See Walker v. Turner, et al.*, 4:18CV48-GHD-DAS (N.D. Miss., Memorandum Opinion and Final Judgment of April 2, 2019). This requirement appears to be the least burdensome way for the court to limit Boyd to potentially meritorious filings, while preserving his ability to seek redress in this court. To afford Mr. Boyd due process, the court will provide him the opportunity to show cause, within 21 days, why such a sanction should not be imposed.

## Conclusion

For the reasons set forth above, the motion by the defendants for summary judgment will be granted. The instant case will be dismissed with prejudice as frivolous and malicious, as all of the plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. In addition, to the extent that the plaintiff brings claims under state law, those claims are barred by the applicable one-year limitations period for allegations of assault and battery. Further, Boyd has previously tallied his third "strike" under the Prison Litigation Reform Act; as such, he may no longer proceed as a pauper unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint or appeal. *See* 28 U.S.C. § 1915(g). Finally, Boyd must show cause, within 21 days why the court should not impose the following sanction: Before Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred.

**SO ORDERED**, this, the 25th day of April, 2023.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

---

situation, and the pre-screening would give the court an additional burden in administering Boyd's future cases.