IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                                                    **PLAINTIFF**

**v.**                                                                                               **No. 4:22CV101-GHD-DAS**

**ALLEGIANCE SPECIALTY HOSPITAL OF**
**GREENVILLE AND MISTY HUGHES**                                    **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [30]**
**TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the plaintiff's motion [30] under Fed. R. Civ. P. 59(e) for reconsideration of the court's August 16, 2022, memorandum opinion and final judgment dismissing the instant case for failure to exhaust administrative remedies.[1] A motion to amend judgment under Fed. R. Civ. P. 59(e) must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate: (1) when there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As discussed below, none of these reasons apply, and the instant motion will be denied.

### The Court's Ruling

In its memorandum opinion, the court found that the instant case should be dismissed as frivolous and malicious under the doctrines of *res judicata* and collateral estoppel, among other reasons.

---

[1] The plaintiff styled the document [30] as an "Objection to Defendants' Memorandum Opinion," and the Clerk of the Court filed it as such. The document operates, instead, as a motion for relief from judgment under Fed. R. Civ. P. 59(e).

## The Plaintiff's Arguments

The plaintiff's eight-page motion [30] for relief from judgment largely reiterates the allegations of his complaint. He does, however, devote two sentences to the court's ultimate holding: dismissal of the case under the doctrines of *res judicata* and collateral estoppel:

> Plaintiff aver that each case he has in this court and in other courts can be distinguish[ed] from case to case, and he has been granted a jury trial ….
>
> …
>
> [H]e has shown that each case [he] has filed in this court and others can be distinguished from case to case ….

Doc. 30 at 7.

## Conclusion

Though the plaintiff's various cases differ slightly, one from the other, each case arose out of a single nucleus of operative facts: the plaintiff's stay at Allegiance Specialty Hospital of Greenville, LLC – and abuse he allegedly suffered during that stay. As discussed in detail in the court's memorandum opinion, all of the elements of *res judicata* and collateral estoppel are present. For this reason, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, his request to alter or amend judgment is **DENIED**.

**SO ORDERED**, this, the 14th day of July, 2023.

_____
SENIOR JUDGE