IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                                             **PLAINTIFF**

v.                                                                                            No. 4:22CV101-GHD-DAS

**ALLEGIANCE SPECIALTY HOSPITAL**
**OF GREENVILLE, ET AL.**                                                                                  **DEFENDANTS**

ORDER IMPOSING SANCTION

In its memorandum opinion and final judgment in this case, the court directed the plaintiff, Dean C. Boyd, to show cause, within 21 days, why the court should not impose the following sanction:

> Before Dean C. Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred.

Doc. 26 at 17. Mr. Boyd responded in the form of a motion to alter or amend judgment, which merely reiterated the allegations of his complaint, rather than address the issue of sanctions. Doc. 30. The court detailed the reasons to support such a sanction in the memorandum opinion and will, for the purposes of clarity and completeness, will repeat those reasons below.

Given Dean Boyd's numerous meritless, implausible, and duplicative complaints, the court must determine whether a sanction is appropriate to curb this behavior – and, if so, what that sanction might be. The court may award sanctions under its inherent power for abuse of the judicial process only after finding that the litigant has acted in bad faith. *Roadway Express v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Sanctions may only be imposed under the court's inherent power after the person being sanctioned has had adequate notice and a meaningful opportunity to be heard. *Persyn v. United States*, 135 F.3d 773 (Fed. Cir. 1997). The court has the power to police its docket in situations like the present one, where

a litigant files numerous outrageous and meritless pleadings or otherwise disrupts the orderly administration of the docket. *Landis v. North American Co.*, 299 U.S. 248 (1936), *Marinechance Shipping v. Sebastian*, 143 F.3d 216 (5th Cir 1998), *U.S. Abatement v. Mobil*, 39 F3d 556 (5th Cir 1993). The Supreme Court acknowledges the need for the inherent power sanction when sanctions are clearly appropriate. *Id.*

A district judge may use the inherent power of the court to fashion nearly any sanction he deems appropriate to the circumstances; however, the court should choose the least severe sanction adequate to deter sanctionable conduct in the future. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988). The court's inherent power to impose sanctions must be used with restraint and caution because of its potency and the limited control of its exercise; the power may be exercised only if essential to preserve the authority of the court, and the sanction chosen must employ the least possible power adequate to the end proposed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 231, 5 L.Ed. 242 (1821), *quoted in Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990); *see also Roadway Express, supra.*

As long as a party receives an appropriate opportunity to be heard, he may be sanctioned for abuse of the judicial process occurring beyond the courtroom. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The fact that a court initiates sanctions against a party *sua sponte* does not indicate that the court is biased against that party. *Lemaster v. United States*, 891 F.2d 115 (6th Cir. 1989). The inherent power of the court emanates from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386,

8 L.Ed.2d 734 (1962)).

As noted in the memorandum opinion, Mr. Boyd has filed numerous cases in the federal courts for Northern and Southern Districts of Mississippi, as well as in Mississippi state courts (several of which have been removed to this court). Many of these cases have no merit – or, as in the present case, are essentially duplicates of previously filed cases. Most of his other cases have been dismissed because he failed to exhaust administrative remedies – or because he failed to show cause or comply with an order of the court (in other words, he failed to follow proper procedure to move forward with his case).

In addition, to say the least, in the aggregate many of his allegations are utterly implausible. For example, many of his cases center on the allegation that various people (many of whom were relative strangers to him), without provocation, intentionally injured and tortured him. *See, e.g.*, allegations in the cases (listed in the memorandum opinion) regarding his stay at Allegiance Specialty Hospital of Greenville, LLC ("ASH"), as well as in *Boyd v. Spencer, et al.*, 4:21-CV-35-GHD-JMV (allegation that physical therapist intentionally caused Boyd pain during treatment). The alleged perpetrators include prison medical staff, physical therapists, state and private prison guards, private hospital staff, hospital administrators, private doctors, and others. *Id.* The allegations involve, for example, medical providers and others who came to his unit, some during his time at the Mississippi State Penitentiary hospital, and others who provided him care at a private hospital. *Id.*

Further, Boyd does not offer any *motive* for the defendants in these cases, many of whom were strangers to him, to hold such animosity and vitriol towards him – enough to physically attack and torture him. In short, according to Mr. Boyd, many of his medical care providers (including administrators), state and private prison guards and other state and private staff,

intentionally harmed him for no reason whatsoever – no matter where he received care – and no matter whether they worked for the state or a private company. In addition, the court has not noted a single instance where Boyd has offered documentary evidence (other than his own statements) to support his litany of shocking allegations. Invariably, his medical records reflect that he received some form of treatment, but nothing in those records shows that he was attacked, beaten, tortured, or otherwise mistreated.

The court must consider another aspect of Boyd's filings: He has filed multiple suits regarding the same incident in succession. He filed *six* different suits regarding a single stay at ASH. In addition, the Southern District dismissed two other suits as duplicative of previously filed cases: *Boyd v. Gaddis (II)*, 3:21-CV-604-KHJ-MTP (§ 1983) (filed 09/17/2021, dismissed 01/10/2022 as duplicative of 3:20-CV-420-TSL-RPM); *Boyd v. Shivers*, 3:21-CV-689-DPJ-FKB (§ 1983) (filed 10/27/2021, dismissed 12/20/2021 as duplicative of 3:20-CV-443-DPJ-FKB). Thus, not only has Boyd filed numerous suits, but he has also filed essentially the same suit six or more times in multiple courts. He also tends to file motions and other papers at a brisk pace within his various cases.

In sum, Dean C. Boyd has filed numerous meritless suits (many involving the same events), leveled scandalous allegations that he has been attacked and tortured by relative strangers, filed many motions and other papers in each case, failed to provide documentary evidence of the outrageous allegations once each case progresses, failed to comply with court orders, and (in some cases) has simply lost interest in the cases and failed to prosecute them. In addition, Boyd's pace of filing has accelerated recently, as evidenced by his *nine* cases that were pending before this court at the time the memorandum opinion was filed (with several others having previously been dismissed). Hence, Boyd's entire body of work, across multiple jurisdictions, has evinced a pattern of meritless and

vexatious litigation. It is time to curb Boyd's frivolous and vexatious filings and limit the cases he does file to those which may potentially have merit.

It is, therefore **ORDERED:**

**Before Dean C. Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred.**[1,2] In addition, he must include a copy of this order with any suit he files in this court in the future.

**SO ORDERED**, this, the 18th day of July, 2023.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court has considered and rejected other potential sanctions, such as a prohibition on filing until Boyd pays a fine, an outright ban on filing new cases, or requiring him to seek permission from the court before proceeding with a new case. These sanctions, however, seemed not to fit Boyd's situation, and the pre-screening would give the court an additional burden in administering Boyd's future cases.

[2] The court has imposed this sanction in the past for voluminous and vexatious filings, and, as to that litigant, the "modicum of evidence" requirement stemmed the tide of meritless litigation. *See Walker v. Turner, et al.*, 4:18CV48-GHD-DAS (N.D. Miss., Memorandum Opinion and Final Judgment of April 2, 2019). This requirement appears to be the least burdensome way for the court to limit Boyd to potentially meritorious filings, while preserving his ability to seek redress in this court.